FILED
CLERK, U.S. DISTRICT COURT
7/20/2016
CENTRAL DISTRICT OF CALIFORNIA
BY: ___CW___ DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### Western Division

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>FIRST MORTGAGE CORPORATION, INC., CLEMENT ZIROLI, SR., CLEMENT ZIROLI, JR., PAC W. DONG, RONALD T. VARGUS, SCOTT LEHRER, AND EDWARD JOSEPH SANDERS,<br><br>Defendants. | Case No. 2:16-cv-03772<br><br>**FINAL JUDGMENT AS TO DEFENDANT EDWARD JOSEPH SANDERS** |

The Securities and Exchange Commission having filed a Complaint and Defendant having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph VIII); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any

1

security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II.

IT IS FURTHER HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5(a) and (c) promulgated thereunder [17 C.F.R. § 240.10b-5(a) and (c)], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud; or

    (b)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)] and Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)], Defendant is prohibited, for five years following the date of entry of this Final Judgment, from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $51,576.51, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $6,811.19. Defendant shall satisfy this obligation by paying $58,387.70 pursuant to the terms of the payment schedule set forth in paragraph V below after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the

1  Securities and Exchange Commission, which shall be delivered or mailed to

2      Enterprise Services Center
3      Accounts Receivable Branch
    6500 South MacArthur Boulevard
4      Oklahoma City, OK 73169

5  and shall be accompanied by a letter identifying the case title, civil action number,
6  and name of this Court; Edward Joseph Sanders as a defendant in this action; and
7  specifying that payment is made pursuant to this Final Judgment.

8      Defendant shall simultaneously transmit photocopies of evidence of payment
9  and case identifying information to the Commission's counsel in this action.  By
10 making this payment, Defendant relinquishes all legal and equitable right, title, and
11 interest in such funds and no part of the funds shall be returned to Defendant.  The
12 Commission shall send the funds paid pursuant to this Final Judgment to the United
13 States Treasury.

14     The Commission may enforce the Court's judgment for disgorgement and
15 prejudgment interest by moving for civil contempt (and/or through other collection
16 procedures authorized by law) at any time after 14 days following entry of this Final
17 Judgment.  Defendant shall pay post judgment interest on any delinquent amounts
18 pursuant to 28 U.S.C. § 1961.

19                                 V.

20     Edward Joseph Sanders shall pay the total of disgorgement and prejudgment
21 interest due of  $58,387.70 in five installments to the Commission according to the
22 following schedule:  (1) $11,677.54, within 14 days of entry of this Final Judgment;
23 (2) $11,677.54, within 104 days after entry of this Final Judgment; (3) $11,677.54
24 within 194 days after the entry of this Final Judgment; (4) $11,677.54 within 284
25 days after entry of this Final Judgment; and (5) $11,677.54 plus interest on the
26 payments described in this Section V (1)-(5) pursuant to 28 U.S.C. § 1961within 365
27 days after entry of this Final Judgment.  Payments shall be deemed made on the date
28

1  they are received by the Commission and shall be applied first to post judgment
2  interest, which accrues pursuant to 28 U.S.C. § 1961 on any unpaid amounts due after
3  14 days of the entry of Final Judgment.  Prior to making the final payment set forth
4  herein, Edward Joseph Sanders shall contact the staff of the Commission for the
5  amount due for the final payment.
6  　　　If Edward Joseph Sanders fails to make any payment by the date agreed and/or
7  in the amount agreed according to the schedule set forth above, all outstanding
8  payments under this Final Judgment, including post-judgment interest, minus any
9  payments made, shall become due and payable immediately at the discretion of the
10 staff of the Commission without further application to the Court.

## VI.

12 　　　IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that
13 based on Defendant's cooperation in a Commission investigation and/or related
14 enforcement action, the Court is not ordering Defendant to pay a civil penalty.  If at
15 any time following the entry of the Final Judgment the Commission obtains
16 information indicating that Defendant knowingly provided materially false or
17 misleading information or materials to the Commission or in a related proceeding, the
18 Commission may, at its sole discretion and without prior notice to the Defendant,
19 petition the Court for an order requiring Defendant to pay a civil penalty.  In
20 connection with any such petition and at any hearing held on such a motion:  (a)
21 Defendant will be precluded from arguing that he did not violate the federal securities
22 laws as alleged in the Complaint; (b) Defendant may not challenge the validity of the
23 Judgment, this Consent, or any related Undertakings; (c) the allegations of the
24 Complaint, solely for the purposes of such motion, shall be accepted as and deemed
25 true by the Court; and (d) the Court may determine the issues raised in the motion on
26 the basis of affidavits, declarations, excerpts of sworn deposition or investigative
27 testimony, and documentary evidence without regard to the standards for summary
28 judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure.  Under

these circumstances, the parties may take discovery, including discovery from appropriate non-parties.

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Edward Joseph Sanders of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: __July 20_____, 2016

_____
UNITED STATES DISTRICT JUDGE