FILED
CLERK, U.S. DISTRICT COURT
7/20/2016
CENTRAL DISTRICT OF CALIFORNIA
BY: ___CW___ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
## Western Division

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff, <br><br> vs. <br><br> FIRST MORTGAGE CORPORATION, INC., CLEMENT ZIROLI, SR., CLEMENT ZIROLI, JR., PAC W. DONG, RONALD T. VARGUS, SCOTT LEHRER, AND EDWARD JOSEPH SANDERS, <br><br> Defendants. | Case No. 2:16-cv-03772 <br><br><br> **FINAL JUDGMENT AS TO DEFENDANT RONALD T. VARGAS** |

The Securities and Exchange Commission having filed a Complaint and Defendant Ronald T. Vargas having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph VI); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication

1

in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II.

IT IS FURTHER HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5(a) and (c) promulgated thereunder [17 C.F.R. § 240.10b-5(a) and (c)], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud; or

    (b)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

1    IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as
2 provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also
3 binds the following who receive actual notice of this Final Judgment by personal
4 service or otherwise:  (a) Defendant's officers, agents, servants, employees, and
5 attorneys; and (b) other persons in active concert or participation with Defendant or
6 with anyone described in (a).

7                                                    III.

8    IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant
9 to Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)] and Section 21(d)(2) of the
10 Exchange Act [15 U.S.C. § 78u(d)(2)], Defendant is prohibited, for five years
11 following the date of entry of this Final Judgment, from acting as an officer or
12 director of any issuer that has a class of securities registered pursuant to Section 12 of
13 the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to
14 Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

15                                                    IV.

16    IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant
17 shall pay a civil penalty in the amount of $60,000 pursuant to Section 20(d) of the
18 Securities Act [15 U.S.C. § 77t(e)] and Section 21(d)(3) of the Exchange Act [15
19 U.S.C. § 78u(d)(2)].  Defendant shall make this payment within 14 days after entry of
20 this Final Judgment.

21    Defendant may transmit payment electronically to the Commission, which will
22 provide detailed ACH transfer/Fedwire instructions upon request.   Payment may also
23 be made directly from a bank account via Pay.gov through the SEC website at
24 http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified
25 check, bank cashier's check, or United States postal money order payable to the
26 Securities and Exchange Commission, which shall be delivered or mailed to

27      Enterprise Services Center
         Accounts Receivable Branch
28       6500 South MacArthur Boulevard

                                                      3

Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Ronald T. Vargas as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, and for no other reason, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Ronald T. Vargas. of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

VII.

      IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated:   July 20         , 2016

_____
UNITED STATES DISTRICT JUDGE